IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MORRIS WILLIAMS,

        Petitioner,

    v.                          CASE NO. 09-3097-SAC

ROGER WERHOLTZ, et al.,

        Respondents.

**O R D E R**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner seeks relief from his conviction of aggravated robbery on the ground of ineffective assistance of counsel. The court has examined the record and enters the following order.

**Background**

Petitioner was convicted, pursuant to a guilty plea, of aggravated robbery in May 2003 in the District Court of Johnson County, Kansas. In exchange, the State agreed not to oppose a downward departure sentence of 150 months.

On June 4, 2003, Carl Cornwell entered his appearance on behalf of petitioner. Petitioner's plea counsel later was permitted to withdraw.

Before sentencing, petitioner moved to withdraw the plea as involuntary. In February 2004, the state district court allowed

petitioner to withdraw his plea, due, in part, to the fact petitioner was misinformed concerning the possibility of an upward departure sentence. The matter was set on an expedited trial docket.

On August 16, 2004, the day of trial, petitioner entered a no contest plea to aggravated robbery. On November 29, 2004, the court sentenced him to a departure sentence of 206 months and granted him a 36-month probation term in the Johnson County Therapeutic Community (JCTC). Petitioner did not appeal.

In January 2005, the district court denied petitioner's motion to withdraw his no contest plea. Petitioner filed that motion pro se but was represented by counsel at the hearing. Petitioner argued his plea was not knowing and voluntary because he did not understand he could be required to serve a 206-month prison term if he failed to comply with the terms of probation. The district court denied the motion, finding that Cornwell could not have known what sentence would be imposed, and that the court had advised petitioner both of his potential sentence under the guidelines at the time he entered the plea and that if he failed to comply with probation, he would serve the 206 month sentence.

Petitioner did not appeal. On February 10, 2005, the time for appeal expired, and the conviction became final. The one-year limitation period for filing a federal habeas corpus action began to run.

In May 2005, the State moved to revoke petitioner's probation. On July 20, 2005, the state district court found petitioner had

violated a term of probation by failing to complete the program at the JCTC. The court modified petitioner's sentence to a term of 120 months.

On December 12, 2005, petitioner filed a motion for post-conviction relief pursuant to K.S.A. 60-1507. The district court summarily dismissed that action, finding it was successive and untimely. The Kansas Court of Appeals affirmed that decision. *Williams v. State*, 188 P.3d 977, 2008 WL 3003764 (Kan.App. Aug. 1, 2008). The Kansas Supreme Court denied review on January 22, 2009.

Petitioner commenced this action by executing and placing the petition in the prison mail on May 8, 2009.

Petitioner seeks relief on the grounds his trial counsel provided ineffective assistance (1) by allowing him to plead guilty to aggravated robbery when it was not supported by the evidence; (2) by failing to file a motion to withdraw petitioner's no contest plea; and (3) by failing to recognize a deficient complaint.

**Discussion**

**1. Timeliness of the petition**

Respondent asserts this action was filed outside the limitations period.

Pursuant to 28 U.S.C. § 2244(d)(1), a state prisoner has one year to seek federal habeas corpus relief. As a general rule, this limitation period begins to run the from the date a state court judgment becomes final. The limitation period is tolled, or suspended, during the pendency of a state post-conviction action

that is properly filed during the limitation period. § 2244(d)(2).

Respondent calculates the limitation period as follows:

Following his conviction, petitioner filed a motion to withdraw his plea of no contest. The motion was denied on January 27, 2005. Petitioner did not appeal, and the limitation period began to run on February 10, 2005, when the time to appeal expired. The limitation period ran until December 12, 2005, when petitioner filed a state post-conviction action pursuant to K.S.A. 60-1507. At that point, 305 days had run on the one-year limitation period.

The state district court denied relief in the post-conviction action, and petitioner then pursued state appellate remedies. Appellate review ended when the Kansas Supreme Court denied review on January 22, 2009, and the limitation period resumed running. It expired 60 days later, prior to the time petitioner executed the federal petition on May 8, 2009.

Petitioner contends he filed the petition within the one year limitation period. He states only that he "filed within one year from July 20, 2005, the day of Modification of Sentence ... before the honorable Thomas H. Bornholdt." (Doc. 15, Traverse, p. 3, section VI.)

A review of Judge Bornholdt's order dated December 21, 2005,[1] shows that the court denied petitioner's motion to withdraw his plea, filed pursuant to K.S.A. 22-3210, on January 20, 2005; and that on July 20, 2005, the court found petitioner had violated his

---

[1] A copy of that order is attached.

probation, revoked that probation and ordered petitioner to serve his original sentence. The order of December 21, 2005, also summarily denied petitioner's motion filed pursuant to K.S.A. 60-1507 filed on December 12, 2005.

Petitioner's claim that this petition is timely is based upon his erroneous belief that the limitation period began to run in July 2005, rather than in February 2005. However, under 28 U.S.C. §2244(d)(1), the limitation period begins to run from the latest of (A) the date on which the judgment became final by the conclusion of direct appellate review or the expiration of time for seeking such review; (B) the date on which the impediment to filing created by unlawful state action is removed, if the petitioner was prevented from filing by the state action; (C) the date on which the constitutional right was initially recognized by the United States Supreme Court, if a newly-recognized right has been made retroactively applicable to cases on collateral review; or (D) the date on which the factual basis of the claim or claims could have been discovered through due diligence.

On the facts of this action, which alleges error by petitioner's trial counsel, only §2244(d)(1)(A) applies. The date of the revocation of petitioner's probation is not relevant because petitioner challenges the validity of his conviction in this action, not the revocation of probation. *See Wright v. Florida,* 2008 WL 1986184 (M.D.Fla. May 6, 2008), *quoting Williams v. Vasbinder,* 2006 WL 2123908 (E.D.Mich. July 27, 2006)(the subsequent revocation of probation does not toll or otherwise extend the one year limitation

period as to challenges to a petitioner's underlying conviction and term of probation).

Thus, the limitation period began to run on February 10, 2005, when the time for filing a direct appeal expired.

Because petitioner did not commence this habeas corpus action within the one-year limitation period, the court concludes this matter is time-barred.

**2. The merits**

Petitioner contends he received ineffective assistance of counsel. He asserts three bases for this claim, namely, that his plea counsel erred (1) by allowing him to plead guilty to aggravated robbery when it was not supported by the evidence; (2) by failing to file a motion to withdraw petitioner's no contest plea; and (3) by failing to recognize a deficient complaint.

A claim of ineffective assistance of counsel requires a showing that counsel's performance "fell below an objective standard of reasonableness" and resulted in prejudice to the petitioner. *Strickland v. Washington*, 455 U.S. 668, 687-88 (1984).

In the context of a guilty plea, this standard requires a petitioner to establish that but for counsel's advice, he would not have entered the plea but would have proceeded to trial. *Hill v. Lockhart,* 474 U.S. 52, 56-59 (1985).

The Kansas Court of Appeals rejected petitioner's claims of ineffective assistance of counsel, stating:

> ...Williams' allegations against Cornwell are conclusory
> and are unsupported by the record. Williams was informed
> of his rights at the second plea hearing, including his
> right to a jury trial, his right to confront witnesses,
> his presumption of innocence, and his right to testify on
> his own behalf. Additionally, the factual basis for the
> plea was based on the preliminary hearing testimony, which
> seems to be sufficient. Moreover, Williams indicated his
> satisfaction with Cornwell's services at the second plea
> hearing. "Conclusory contentions without evidentiary
> basis are not sufficient for relief. [Citation omitted.]"
> *Wright v. State*, 5 Kan.App.2d 494, 495, 619 P.2d 155
> (1980). *Williams v. State*, 188 P.3d 977, 2008 WL 3003764,
> *4 (Kan. App.)

Where factual and legal issues that have been adjudicated in state court, a federal habeas court may grant relief only if the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

A state court decision is contrary to clearly established federal law if it applies a rule that contradicts the law set forth in Supreme Court decisions or addresses facts that are materially indistinguishable from a Supreme Court decision, but reaches a different result. *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000). A state court decision is an unreasonable application of clearly established federal law if it identifies the correct governing legal standard from Supreme Court decisions, but unreasonably applies it to the facts. *Id.* at 413.

The Kansas Court of Appeals applied the correct legal standard, citing the two-prong test established in *Strickland*. *Williams v. State*, 2008 WL 3003764, *4.

This court's review of the application of that standard to the facts is deferential. *Paine v. Massie,* 339 F.3d 1194, 1198 (10th Cir.2003). Thus, a state court's disposition should be upheld in habeas review, unless the federal is convinced, after an independent review of the record, that the state court "unreasonably applie[d] clearly established federal law." *Id.* (quoting *Aycox v. Lytle,* 196 F.3d 1174, 1178 (10th Cir. 1999)).

**1. Advice to plead guilty to aggravated robbery**

Petitioner's first claim asserts ineffective assistance of counsel based upon counsel's advice to plead guilty to aggravated robbery.

The transcript of the preliminary hearing shows petitioner robbed a gas station by placing an envelope reading "money" on the counter. At the preliminary hearing, the clerk identified petitioner as the robber and testified that during the robbery, the robber had a jacket over his hand and held his hand as if it were cupped over a pistol. The clerk testified he believed the robber was armed and therefore gave him money.[2]

Petitioner asserts the testimony of the clerk was insufficient to support that crime. The record shows Cornwell reviewed the transcript and advised petitioner that he believed if petitioner

---

[2]Transcript of preliminary hearing 8/27/02, pp. 4-6.

8

proceeded to trial, the best result he could expect would be a conviction of robbery. However, if the jury believed petitioner had used a gun, he would be convicted of aggravated robbery.[3] That advice was reasonable, because, as respondent notes, under Kansas law, there is a subjective test for use of a dangerous weapon.

> Whether or not a robber is "armed with a dangerous weapon" for aggravated robbery (K.S.A.21-3427) purposes is determined from the victim's point of view. An object can be a dangerous weapon if intended by the user to convince the victim that it is a dangerous weapon and the victim reasonably believes it is a dangerous weapon. *State v. Colbert*, 769 P.2d 1168 (1989).

Petitioner received competent advice and cannot show either deficient performance or prejudice.

**2. Failure to file a motion to withdraw plea of no contest**

Because petitioner failed to present this claim to the state courts, the claim is barred by procedural default unless petitioner can show cause and prejudice or that a fundamental miscarriage of justice will result if the claim is not considered. *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991); *see also Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

To establish "cause", petitioner must show that "some objective standard external to the defense" resulted in the failure to properly raise the defaulted claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). No such factor is shown here, nor does the record reasonably suggest a fundamental miscarriage of justice is implicated here.

---

[3] Transcript of Proceedings, 1/20/05, p.3.

In addition, petitioner shows no basis upon which such a motion would prevail. Petitioner was advised at the plea hearing of the applicable sentencing range of 206 to 228 months, of the court's authority in imposing sentence, and that the sentence was presumptive for prison. Petitioner expressed an understanding of all these points and stated he was satisfied with Cornwell's representation.[4]

Finally, it must be noted petitioner personally filed a motion to withdraw his plea. He was represented by Cornwell at a hearing on that motion, and the plea was upheld as knowing and voluntary There was no prejudice to the petitioner from Cornwell's failure to file such a motion.

**3. Failure to recognize a deficient complaint**.

This claim was not presented in the state courts and therefore is barred by procedural default unless petitioner can show cause and prejudice or a fundamental miscarriage of justice. Petitioner has not identified any ground for such an exception.

Next, petitioner offers no reason why the complaint was deficient. As discussed above, the test under state law for a dangerous weapon is subjective, and the statements of the victim established a basis for the charge of aggravated robbery. The failure to advance a claim that the complaint was deficient was reasonable.

---

[4]Transcript of proceedings of 8/16/04, pp. 3-5.

## Conclusion

For the reasons set forth, the court concludes this matter was not filed within the one year limitation period. In addition, the court finds that the decision of the state court applied the correct legal standard to petitioner's claims of ineffective assistance of counsel. Finally, petitioner's claims alleging counsel was ineffective in failing to file a motion to withdraw his plea and in failing to recognize a defective complaint are procedurally defaulted and without merit.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED petitioner's motion for the appointment of counsel (Doc. 3) is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 3d day of March, 2010, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge