# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MORRIS WILLIAMS,

               Petitioner,

                                         CIVIL ACTION
    vs.                                   No. 09-3097-SAC

ROGER WERHOLTZ, et al.,

               Respondents.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 by a prisoner in state custody. By an order entered on March 3, 2010 (Doc. 16), the court dismissed this matter, finding the petition was not filed within the one-year limitation period and finding that petitioner's claims of ineffective assistance of counsel did not warrant relief.

Petitioner has filed a motion for reconsideration (Doc. 18). He appears to challenge the court's determination that the petition was not timely, to assert that the criminal complaint was defective, and to present other challenges to the validity of his conviction.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence

previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

Petitioner claims the court miscalculated the limitation period, citing *Burton v. Stewart*, 549 U.S. 147 (2007). He argues that under *Burton*, the limitation period does not begin to run until all sentencing issues are finally addressed.

The petitioner misreads *Burton*. In that decision, the Supreme Court explained that a case on remand for resentencing is not final for habeas purposes until the resentencing and any appeal from that resentencing are final. In *Burton*, the Court was required to determine whether an application for habeas relief was an unauthorized, successive petition, and it determined that the application in question was a successive action because the petitioner was challenging the same custody imposed in the state court judgment he had attacked in an earlier petition. *See id.* at 155-56.

The *Burton* decision does not change the court's decision that petitioner's action is not timely. Pursuant to 28 U.S.C. §2244(d)(1)(A), the one-year limitation period for presenting a

challenge to the trial court's judgement that imposes probation begins to run when that judgment is final.  In contrast, the limitation period for presenting a claim that arises from the revocation of that probation would begin to run when the judgment revoking probation becomes final.  Here, petitioner's claims challenge the assistance of counsel he received during the proceedings that led to the adjudication of guilt and the imposition of probation.  The subsequent revocation of that probation did not commence the running of the limitation period on the claims of ineffective assistance arising from the original adjudication.  *See Wright v. Florida,* 2008 WL 1986184 at *4 (M.D.Fla. May 6, 2008)(where claims in federal habeas petition were directed to original conviction and not to probation revocation, order revoking probation did not affect finality of petitioner's original judgment and conviction)[1].

Moreover, even if the petition were timely, the petitioner has not established any ground that would allow him to prevail on the merits.  Petitioner's challenge to the sufficiency of the complaint was not squarely presented in the federal petition for habeas corpus; rather, he asserted ineffective assistance of counsel based, in part, upon the advice he received to plead

---

[1]A copy of that unpublished order is attached.

guilty to aggravated robbery.

Petitioner was convicted of aggravated robbery for robbing a service station. He claimed the testimony of the gas station clerk was insufficient to establish aggravated robbery, apparently because he asserts he did not have a weapon.[2]

This court rejected his claim concerning the sufficiency of the complaint as procedurally defaulted, and petitioner does not present any argument that persuades the court that its determination of this point was erroneous.

Likewise, petitioner's claims challenging the application of state statutes and the charging of offenses are barred by procedural default. These claims were not presented in petitioner's appeal from the denial of his state post-conviction action, nor do they appear as grounds in the petition in this action.[3] However, to the extent petitioner argued those points

---

[2]
As explained in the order of dismissal, under Kansas law, the test for whether a defendant was armed with a dangerous weapon is determined from the victim's point of view. Here, the clerk testified at the preliminary hearing that he believed petitioner was armed during the commission of the robbery.

[3]
The grounds presented by the petition are:
I. Counsel was ineffective because he allowed petitioner to plead when the evidence did not constitute the offense charged.
II. Counsel was ineffective for allowing petitioner to plead when he was proclaiming his innocence; Involuntary Plea.
III. Counsel was ineffective for failure to raise a Fatal

in support of his claim of ineffective assistance of counsel, and could be viewed as independent grounds for relief, they would not state a claim for federal habeas corpus relief. "'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)(quoting *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990)).

### Conclusion

The court has considered petitioner's argument concerning the timeliness of this action and the merits of his claims but finds no grounds that justify granting reconsideration.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for reconsideration (Doc. 18) is denied.

IT IS FURTHER ORDERED petitioner's motion to compel disposition (Doc. 19) is denied as moot.

Copies of this Memorandum and Order shall be transmitted to the parties.

---

variance between the evidence and the complaint. (Doc. 1, pp. 5, 7, and 9)(page references to scanned document in electronic record).

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 12th day of November, 2010.


                    S/ Sam A. Crow
                    SAM A. CROW
                    United States Senior District Judge